AO 467 (Rev. 1/86) Order Holding Defendant

# UNITED STATES DISTRICT COURT

_____ DISTRICT _____

FILED ✓   LODGED \_\_\_
RECEIVED \_\_\_   COPY \_\_\_

FEB 0 5 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

UNITED STATES OF AMERICA

V.

Sheri Miles-Stone

**ORDER HOLDING DEFENDANT TO
ANSWER AND TO APPEAR
IN DISTRICT OF PROSECUTION
OR DISTRICT HAVING
PROBATION JURISDICTION**

Case Number:   03-00023M

Charging District Case Number:   CR 02-40107

The defendant having appeared before this Court pursuant to Rule 40, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

IT IS ORDERED that the defendant be held to answer in the United States District Court for the _____ District of \_\_\_\_\_South Dakota\_\_\_\_\_; and shall appear at all proceedings as required.

The defendant shall next appear at (if blank, to be notified)   \_\_\_400 S. Phillips Ave, Courtroom #2, Sioux Falls, SD\_\_\_
*Place and Address*

Report to Pretrial Services at 1:30 PM before Court   on   Friday, February 28, 2003 at 3:30 PM   .
*Date and Time*

*Signature of Judicial Officer*

Feb. 4, 2003
*Date*

VIRGINIA A. MATHIS
*Name and Title of Judicial Officer*

# United States District Court--District of Arizona- Phoenix
## Order Setting Conditions of Release

DATE: **2-3-03**   CASE NUMBER: **03-0023 m**

USA vs. **Sheri Miles-Stone**

☒ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 03 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

☒ PERSONAL RECOGNIZANCE
☐ AMOUNT OF BOND_____ ☐ UNSECURED ☐ SECURED BY_____
SECURITY TO BE POSTED BY_____
NEXT APPEARANCE _____ ── as directed through counsel
☐ 401 W. Washington St., Phoenix, AZ, Courtroom #_____, _____ Floor
☐ Goodwin & Cortez, US Post Office Bldg., Prescott, AZ, 2nd Floor

## IT IS ORDERED THAT DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS AND SHALL:

☒ appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state, tribal, or local crime.

☒ immediately advise the court, defense counsel and U.S. Attorney in writing of change in address/telephone number.

☒ maintain or actively seek verifiable employment if defendant is physically or medically able and provide proof of such to Pretrial Services.

☒ not travel outside of: **Arizona and South Dakota** _____
except Defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences only unless express PRIOR Court or Pretrial Services permission is granted to do so.

☐ avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es), family members of victim(s)/witness(es), and/or ( ) the custodial parent, except Defendant may communicate with custodial parent solely for visitation purposes with his/her minor child(dren): _____

☒ report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350.

☐ report as directed to the U.S. PROBATION OFFICE 602-322-7400 and abide by all terms of conditions of Supervised Release/Probation.

☐ execute an agreement to forfeit upon failing to appear as required, the bond or designated property:_____

☐ Defendant is placed in the third party custody of_____

☐ refrain from ☐ any ☐ excessive use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 USC 802 unless prescribed for defendant by a licensed medical practitioner in the course of his/her legitimate medical practice.

☐ participate in drug/alcohol counseling/treatment and submit to drug/alcohol testing, including breathalyzer testing and make copayment toward the cost as directed by U. S. Pretrial Services.

☐ surrender any passport to the Clerk of the Court by_____

☒ obtain no passport.

☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

☒ maintain weekly contact with his/her counsel by Friday, noon of each week with **David Lee Titterington**

☐ shall timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of $_____

☐ The defendant shall actively participate in any mental health treatment program as directed by Pretrial Services. The defendant shall comply with all treatment requirements including taking all medication as prescribed by his/her mental health care provider. **and have employer call PTS to verify.**

☒ **Notify employer of pending charges. Make no major purchases without pretrial services permission.**

## ADVICE OF PENALTIES AND SANCTIONS

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

If the person was released for appearance as a material witness, a fine as provided by law or imprisonment for not more than one year, or both.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE OF DEFENDANT | Address: [redacted] |
|---|---|---|
| 2-3-03 | Sheri Milesstone | Casa Granda Phone: 520-876-0573 |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) | ADDRESS OF CUSTODIAN(S) |
|---|---|
|  | TELEPHONE: |

Directions to United States Marshal:

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

DATE: 2/3/02

Virginia A. Mathis
United States Magistrate Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | NO. 03-00023M-001 |
| Plaintiff, | ) | |
| vs. | ) | NOTICE OF DELIVERANCE |
| | ) | OF PASSPORT |
| Sheri Miles-Stone | ) | |
| Defendant. | ) | |

```
        FILED  ___ LODGED
___ RECEIVED  ___ COPY

     FEB 0/3 2003

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
  BY_____ DEPUTY
```

TO: Office of Passport Policy and Advisory Services
1111 19th Street, N.W., Suite 260
Washington, DC  20522

☐ Pursuant to order of the court signed by_____ in the above case, Passport Number __, issued at __, on __ to the above named defendant, was surrendered to the custody of the Clerk of Court at Phoenix, Arizona on ___, and the defendant is not to apply for the issuance of another passport during the pendency of this action. Additional information regarding the bearer of this passport:

Date of Birth: ▓▓/64 _____ Place of Birth:_____

☒ Pursuant to order of the court signed by MAGISTRATE JUDGE VIRGINIA A. MATHIS in the above case the above named defendant has **not** surrendered his/her passport to the custody of the Clerk of Court. The defendant is not to apply for the issuance of another passport during the pendency of this action.

DATE: 2/3/2003

RICHARD H. WEARE, DCE/CLERK OF COURT

By: _____
    Lynne Scott, Deputy Clerk

## RECEIPT

This will acknowledge receipt of Passport Number __ previously surrendered to the Court pursuant to prior order of the court.

DATE: _____     _____
                                              Owner of Passport

DOCUMENT USED FOR IDENTIFICATION PURPOSES:
_____

cc: Passport Office (certified copy)/Defendant/Pretrial Services

AO 466 (Rev. 9/92) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF ___ARIZONA___

```
FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 03 2003
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES OF AMERICA
V.
Sheri Miles-Stone

**WAIVER OF RULE 40 HEARINGS**

CASE NUMBER: AZ # 03-0023M

I, __Sheri Miles-Stone__, understand that in the _____ District of __South Dakota__, charges are pending alleging violation of __18 USC § 1341__ and that I have been arrested in this District and taken before a United States Magistrate Judge who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

[X] identity hearing
( ) preliminary examination
[X] identity hearing and have been informed I have no right to a preliminary examination
( ) identity hearing but request a preliminary examination be held in the prosecuting district
( ) I reserve my right to have a detention hearing in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____
Defendant

3 February 03
Date

_____
Defense Counsel

```
_____ FILED      _____ LODGED
_____ RECEIVED   _____ COPY

          FEB 0[5] 2003

      CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
      BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   NO. _03-0023M_
                                    )
    -vs-                            )
                                    )   **ORDER APPOINTING COUNSEL**
  _Shari Miles-Stone_,              )
                                    )
            Defendant.              )
_____)

The Defendant has, under oath, sworn or affirmed as to his/her financial inability to employ counsel, for the offense of: _Mail fraud_,

**IT IS HEREBY ORDERED** appointing the Federal Public Defender by:

( ) United States District Judge  _____

(X) United States Magistrate Judge  _Virginia Mathis_

**CASE ASSIGNED TO:** _David Lee Titterington_
Assistant Federal Public Defender
District of Arizona
222 North Central Avenue, Suite 810
Phoenix, Arizona 85004
Office: (602) 382-2700, Fax: (602) 382-2800

DATED this _3rd_ day of _February_, 200_3_.

_____
UNITED STATES MAGISTRATE JUDGE/JUDGE

\AppointOrder.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA - Phoenix

MAGISTRATE JUDGE'S MINUTES

DATE: 2/3/2003        CASE NUMBER: 03-00023M-001

USA vs. Sheri Miles-Stone

U.S. MAGISTRATE JUDGE: VIRGINIA A. MATHIS  #: 70BF

A.U.S. Attorney Tim Holtzen                        INTERPRETER _____
                                                    LANGUAGE _____
Attorney for Defendant David Lee Titterington (AFPD)

☒ FILED   ☐ LODGED
☐ RECEIVED ☐ COPY

FEB 05 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DEFENDANT: ☒ PRESENT  ☐ NOT PRESENT  ☒ CUSTODY
DOA 2/3/03
☒ Financial Afdvt taken     ☒ Initial Appearance          ☒ Appointment of counsel hearing held
☒ Rule 40  ☐ Rule 20        ☐ No Financial Afdvt taken   ☐ Financial Afdvt sealed
                             ☐ Defendant states true name to be ___. Further proceedings ORDERED
                                in Defendant's true name.

**DETENTION HEARING:**
☒ Held  ☐ Con't  ☐ Submitted  ☐ Reset
Set for:
Before:
☐ Defendant ordered temporarily detained in the custody of the United States Marshal
☒ Defendant ordered released OR with additional conditions
☐ Defendant continued detained pending trial
   ☐ Flight risk  ☐ Danger

**IDENTITY HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☒ Waived
Set for:
Before:

☐ Warrant of removal issued.
☐ Defendant ordered released _____

**PRELIMINARY HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☐ Waived
Set for:
Before:
☐ Probable cause found   ☐ Dismissed
☐ Held to answer before District Court

**STATUS HEARING:** re: _____
☐ Held  ☐ Con't  ☐ Reset
Set for:
Before:

Other: _____

RECORDED: Cass. CS
BY: Lynne Scott
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

**DEC 19 2002**

Az# 030023M

UNITED STATES OF AMERICA,

CR 02-40107

Plaintiff,

CLERK

**INDICTMENT**

vs.

FRAUDS & SWINDLES (Mail Fraud)

SHERI MILES-STONE,

18 U.S.C. § 1341

Defendant.

UNITED STATES OF AMERICA
DISTRICT OF SOUTH DAKOTA } ss.
I, JOSEPH HAAS, Clerk of the United
States District Court for the District of
South Dakota, hereby certify that the
above and foregoing is a true copy of
the original now on file in my office.
Dated: 12-19-02
JOSEPH HAAS, Clerk
By _____ Deputy

The Grand Jury charges:

## INTRODUCTION

Beginning on or about October 2000 and continuing through September 2001, in the District of South Dakota and elsewhere, the defendant, Sheri Miles-Stone, did willfully and unlawfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from Gateway, Inc. by means of false and fraudulent pretenses, representations and promises, by submitting fraudulent expense reports and charging airline tickets on her Gateway American Express card causing Gateway, Inc. to reimburse American Express and/or defendant Sheri Miles-Stone for personal expenses including rent and airfare, as described and set forth below.

## OBJECT OF THE SCHEME AND ARTIFICE

The object of the defendant's scheme and artifice to defraud was to enrich herself through the submission of fraudulent expense reports and charging airline tickets for her personal use on the company credit card causing Gateway, Inc. to reimburse American Express Company and/or defendant, Sheri Miles-Stone, for personal expenses. Pursuant to the fraudulent scheme, Gateway, Inc. was defrauded.

1. It was part of the scheme and artifice to defraud that the defendant was employed by Gateway, Inc. from July 7, 1998 up through and including November, 2001. Sometime in either October or November 2000, the defendant was transferred from the Gateway office in Austin, Texas to the Gateway office in Anchorage, Alaska.

2. It was part of the scheme and artifice to defraud that the defendant, from October 2000 and continuing through August 2001, would use her corporate American Express credit card to pay for her rent in Anchorage, Alaska.

3. It was further part of the scheme and artifice to defraud that the defendant would submit a fraudulent expense report to Gateway, Inc., causing that company to reimburse either American Express Company and/or defendant, Sheri Miles-Stone, for personal expenses for the rent.

4. It was part of the scheme and artifice to defraud that the defendant utilized her Gateway company American Express card to purchase two airline tickets to visit her family in Texas.

5. It was part of the scheme and artifice to defraud that the defendant would receive a personal benefit from charging the cost of the airline tickets on the company American Express credit card; Gateway, in turn, would pay American Express directly for these charges.

6. It was further a part of the scheme and artifice to defraud that the defendant submitted the fraudulent expense reports via United Parcel Service, a private interstate carrier, from Anchorage, Alaska to North Sioux City, South Dakota.

7. It was further a part of the scheme and artifice to defraud that Gateway, upon receipt of the fraudulent expense reports, would cause to be sent checks issued via United States mail or United Parcel Service to either Sheri Miles-Stone or to American Express.

## THE MAILINGS

On or about the below-described dates, in the District of South Dakota and elsewhere, the

defendant, Sheri Miles-Stone, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did knowingly cause to be delivered by the private interstate carrier, United Parcel Service, according to the directions thereon, the matters and things specifically set forth in Counts 1 through 10:

| Count # | Approximate Date | Addressee | Description |
| --- | --- | --- | --- |
| 1 | 12/9/00 | American Express, Chicago, Illinois | Check for payment on account |
| 2 | 2/8/01 | American Express, Chicago, Illinois | Check for payment on account |
| 3 | 4/12/01 | American Express, Chicago, Illinois | Check for payment on account |
| 4 | 5/17/01 | American Express, Chicago, Illinois | Check for payment on account |
| 5 | 8/7/01 | American Express, Chicago, Illinois | Check for payment on account |
| 6 | 8/26/01 | American Express, Chicago, Illinois | Check for payment on account |
| 7 | 9/25/01 | American Express, Chicago, Illinois | Check for payment on account |
| 8 | On or about between 2/7/01 and 3/7/01 | American Express, Chicago, Illinois | Check for payment of airline ticket |
| 9 | On or about between 7/5/01 and 8/5/01 | American Express, Chicago, Illinois | Check for payment of airline ticket |
| 10 | On or about between 10/23/00 and 11/26/00 | American Express, Chicago, Illinois | Check for payment of airline ticket |

all in violation of 18 U.S.C. § 1341.

A TRUE BILL:

████████████
Foreperson

JAMES B. MCMAHON
UNITED STATES ATTORNEY

By: [signature]

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U. S. COURTHOUSE
SUITE 130, 401 W. WASHINGTON ST., SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www.azd.uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U. S. COURTHOUSE
SUITE 130, 401 W. WASHINGTON ST., SPC 1
PHOENIX, ARIZONA 85003-2118

CHIEF DEPUTY CLERK
EVO A. DECONCINI U.S. COURTHOUSE
405 W. CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

February 6, 2003

Mr. Joseph A. Haas, Clerk of Court
United States District Court
128 United States Courthouse
400 South Phillips Avenue
Sioux Falls, SD 57104-6851

RE: USA v. Sheri Miles-Stone
Your case number: CR-02-40107
Arizona case number: 03-023m

**RECEIVED**

CLERK U.S. DISTRICT COURT
SIOUX FALLS, S. DAK.

Dear Clerk of the Court:

The above charge originated in your district. The defendant has appeared before Magistrate Judge Lawrence O. Anderson in the District of Arizona. The following action has been taken.

☐ U S MARSHAL HAS BEEN ORDERED TO REMOVE THE DEFENDANT TO THE CHARGING DISTRICT.

☒ THE DEFENDANT HAS BEEN ORDERED TO APPEAR IN THE CHARGING DISTRICT ON: 2/28/03 at 3:30 pm and report to Pretrial Svcs at 1:30 pm on that same day.

Enclosed are the certified copies of the original documents in our file. Please certify receipt of the documents on the enclosed duplicate of this letter and return it to our office.

Sincerely,

RICHARD H. WEARE,
CLERK OF COURT/DISTRICT COURT EXECUTIVE

By: *[signature]*
Phylis Durbin
Deputy Clerk

Enclosures

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*